# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00519-CR

**Federico Garza, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-02-017, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Federico Garza, Jr., guilty of driving while intoxicated, third offense (DWI). *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2006). The jury assessed punishment, enhanced by previous felony convictions, at thirty-five years in prison. In his only point of error, appellant contends the trial court erred by permitting the State to offer evidence that he failed to appear at an earlier setting of this cause. We will overrule this contention and affirm the conviction.

Appellant was arrested for this offense on November 25, 2001, and indicted on January 2, 2002. The indictment alleged the previous convictions required to make the DWI offense a felony and to punish appellant as a habitual offender. On January 23, 2002, appellant did not appear in district court for arraignment. On June 11, 2003, appellant was indicted for failing to appear in a felony case. *See id*. § 38.10(a), (f) (West 2003). On August 22, 2004, appellant was

arrested in Tarrant County. Appellant's district court trial for failing to appear ended with a directed verdict of not guilty on May 3, 2005.

Appellant's trial in the instant cause began two weeks later, on May 16, 2005. Before jury selection began, the prosecutor informed the court that the State intended to offer evidence of appellant's failure to appear and explained its reasoning:

> Judge Robison granted a directed verdict in the bail-jumping case and stated on the Record he believed the defendant did not have notice of having to appear on a felony case. While that may be true . . . it nevertheless is the case that for two and a half years the defendant was a fugitive from justice on this issue. That's a separate issue on which Judge Robison did not rule on, those facts were not presented to the Court.

Over appellant's objection, the State was permitted to offer evidence of appellant's failure to appear for arraignment in January 2002, of the unsuccessful efforts to locate him at that time, and of his eventual arrest in August 2004. The jury was also informed that appellant had been tried and acquitted for failing to appear. In his closing argument, the prosecutor told the jury:

> What I'm suggesting about that is, not necessarily that Mr. Garza committed any crime in doing that, because we all heard Officer Parham's testimony that, when he arrested Mr. Garza he believed this was a misdemeanor. He only knew of one other prior DWI.
>
> . . .
>
> I'm not so much concerned about that he failed to appear in January of 2002. What I'm concerned about is the fact that, in February of 2002, when we sent a deputy to his address to look for him and to explain to the resident there that he had a warrant and we were trying to find him he wasn't there. And we were told that not only that he wasn't there but he had left town. And the people living in his house didn't even know where he was. Not only did we not know were he was then, we don't even find out where he was, despite entering the warrant into the state computers, putting him out on Crime Stoppers, he doesn't show back up again until he's arrested on a new warrant two and [a] half years later.

If a person is a fugitive for two and [a] half years, is this evidence of somebody who thinks that he is innocent of the crime that he's charged with? Or is this evidence of a person who knows what he's doing?

Defense counsel also discussed the failure to appear in her argument to the jury:

Now, Mr. Garza was arrested for a misdemeanor. We're in felony court, okay? You have to know you're supposed to be in court to come to court. . . . He didn't even know. You don't have proof that he knew. You have a dismissal order in there saying he didn't know.

Appellant argues that it was error to permit the State to offer evidence of an alleged extraneous offense for which he had been acquitted. He relies on the holding in *Stuart v. State*, 561 S.W.2d 181 (Tex. Crim. App. 1978). In that case, a prosecution for rape, the State introduced evidence that the defendant had committed two other rapes, apparently to prove lack of consent. *Id*. The record showed that the defendant had been tried and acquitted for one of the earlier rapes. *Id*. The court of criminal appeals held that the admission of the extraneous offense for which the defendant had been acquitted was error:

We feel that any application of an exception to the rule against admission of extraneous offenses must necessarily be to an occurrence which has not already been conclusively established by a verdict of acquittal to have not been an extraneous offense in the first place. The prosecution should not be allowed an exception when they have failed to come within the ambit of the general rule.

*Id*. at 182 (citation omitted). Although the court did not use the term "collateral estoppel," it appears that this was the basis for its holding, as the authorities it cited were *Ashe v. Swenson* and two circuit court opinions applying it. *See Ashe v. Swenson*, 397 U.S. 436 (1970); *Blackburn v. Cross*, 510 F.2d 1014 (5th Cir. 1975); *Wingate v. Wainwright*, 464 F.2d 209 (5th Cir. 1972). In addition, the court

3

of criminal appeals later described the holding in *Stuart* as based on collateral estoppel. *Dedrick v. State*, 623 S.W.2d 332, 336 (Tex. Crim. App. 1981).

In *Ashe*, the Court held that the Fifth Amendment guarantee against double jeopardy includes a collateral estoppel element. 397 U.S. at 445. This means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id*. at 443.

It was undisputed below that appellant was found not guilty of failing to appear based solely on the district court's determination that he did not know that he was accused of a felony. This was, in other words, the only fact issue determined in that prosecution. The State did not seek to relitigate this issue at the trial below. Instead, the State was allowed to offer evidence that appellant left town after being arrested for DWI, failed to appear for arraignment, and was not located for over two years. There is no showing that these facts were determined against the State at the earlier trial. No collateral estoppel violation is shown.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: February 1, 2007

Do Not Publish

4